# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                          :
                              Petitioner              :
                                                         :
              v.                                         :     No. 318 M.D. 2015
                                                         :     Submitted: April 8, 2016
 John E. Wetzel,                                      :
                              Respondent         :

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                          **FILED: September 9, 2016**


Before this Court are the preliminary objections filed by John E. Wetzel, Secretary (Respondent) of the Department of Corrections (DOC) to a petition for review in the nature of mandamus (Petition) filed by Alton D. Brown (Petitioner), an abusive litigator and state prison inmate representing himself. For the reasons set forth below, we sustain Respondent's preliminary objections and dismiss the petition for review.


## I. Background

In response to a request under the Right to Know Law (RTKL)[1] by Petitioner to the Pennsylvania Department of Environmental Protection (DEP), DEP granted access to records concerning two state correctional facilities. See Pet.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

for Review at ¶4. Pursuant to Petitioner's averments, those DEP records pertained to water inspection reports for the state correctional facilities filed as a result of DEP inspections. Id.

Upon receipt of the package containing the DEP records at the state correctional facility where Petitioner is currently housed, DOC confiscated the package. After holding the package for three weeks, Petitioner was informed he had to send the package back out of the facility, or the package would be destroyed. Id. at ¶5.

In response to DOC's confiscation of the package, Petitioner filed a grievance on the bases that: his rights under the RTKL were violated; DOC did not give Petitioner a reason for the confiscation; and, the manner in which DOC confiscated and held the package violated DOC's policies. Id. at ¶6. DOC denied Petitioner's grievance at all levels. Thereafter, Petitioner filed his Petition with this Court.

In his Petition, Petitioner alleges that none of the grievance responses provided justification as to why the inspection reports constitute contraband, and he asserts the inspection reports "were sought as a part of his ongoing investigation into … drinking water contamination." Id. at ¶9. According to Petitioner, by confiscating the package containing the inspection reports, Respondent and his agents intentionally violated Petitioner's rights under the RTKL and in doing so, violated his due process and equal protection rights under the Fourteenth Amendment of the U.S. Constitution. Id. at ¶12.

2

Respondent filed preliminary objections asserting this Court should dismiss Petitioner's request for relief because he has not established a clear legal right to the relief requested, and DOC's grievance process provided a constitutionally adequate remedy to address Petitioner's property deprivation. Respondent further asserts that this Court should dismiss his Petition under Pennsylvania's statute known as the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §§6601-08, because Petitioner is an abusive litigator.

In response to the preliminary objections, Petitioner argues he filed his Petition in this Court's appellate and original jurisdictions, with claims "grounded and authorized" by the RTKL. Pet'r's Br. in Resp. to Resp't's Prelim. Objections at 2. Petitioner asserts Section 1301(a) of the RTKL, 65 P.S. §67.1301(a), authorizes this Court to "require" a governmental agency to produce requested documents.

## II. Issues

Respondent states two issues. First, Respondent asks whether Petitioner's request for mandamus relief should be dismissed, where he is seeking return of a package of records confiscated from him through the exercise of DOC discretion due to security concerns, and where DOC's grievance process provided a constitutionally adequate remedy. Second, Respondent questions whether the Petition should be dismissed because Petitioner is an abusive litigator and his allegations do not indicate that he is in imminent danger of serious bodily injury.

Petitioner states two different issues: (1) whether preliminary objections raising "original jurisdiction" arguments for dismissal are appropriate in

3

this matter, where the case was filed in the Court's appellate jurisdiction, and where the Court is confined to the provisions of the RTKL in both its original and appellate jurisdictions; and, (2) whether the PLRA applies to matters filed pursuant to the RTKL.

## III. Contentions

Respondent argues that DOC's decision to confiscate reports related to air, water, and waste water monitoring and reporting for two state correctional facilities due to security concerns should be afforded deference. Respondent asserts Petitioner cannot show that he has an established right, in the prison setting, to receive the records. Given that DOC's grievance procedures are available to Petitioner, and Petitioner availed himself of the process, he cannot sustain a civil rights claim regarding the confiscation.

More importantly, Respondent insists, the Court recognizes Petitioner as an abusive litigator. Because his allegations do not show that he is in any "imminent danger," this prison conditions litigation should be dismissed.

Petitioner argues that the Petition clearly reflects that it was filed under the Court's appellate and original jurisdiction. He cites Section 1301(a) of the RTKL, 65 P.S. §67.1301(a). He also cites Sections 1304 and 1305 of the RTKL, 65 P.S. §§67.1304, 67.1305, which, according to Petitioner, authorize the Court to require a governmental agency to produce requested documents, and to sanction parties under certain circumstances.

Petitioner also argues that the PLRA does not apply to a RTKL matter because the RTKL does not constitute "prison conditions litigation," as defined in the PLRA. Also, a RTKL matter does not have an effect on Petitioner's prison life. Further, even if the PLRA applies, this Court should exercise its discretion to allow the case to proceed since Respondent acted in bad faith, the issue effects the whole prison population, and a decision on the merits is consistent with legislative intent behind the RTKL.

## IV. Discussion
### A. Mandamus

In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom. Aviles v. Dep't of Corr., 875 A.2d 1209 (Pa. Cmwlth. 2005). However, conclusions of law and unjustified inferences are not so admitted. Allen v. Dep't of Corr., 103 A.3d 365 (Pa. Cmwlth. 2014). A demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the alleged facts. Id.

A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty. McCray v. Dep't of Corr., 872 A.2d 1127 (Pa. 2005); Detar v. Beard, 898 A.2d 26 (Pa. Cmwlth. 2006). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." Detar, 898 A.2d at 29. "Furthermore, this Court may only issue a writ of mandamus where the inmate possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform

5

the act, and the inmate possesses no other adequate or appropriate remedy." Cunningham v. Dep't of Corr., 990 A.2d 1205, 1207 (Pa. Cmwlth. 2010). If any one of the foregoing elements is absent, mandamus does not lie. Nickson v. Pa. Bd. of Prob. & Parole, 880 A.2d 21 (Pa. Cmwlth. 2005). Mandamus will not be granted in doubtful cases. Id.

"It is axiomatic that mandamus will issue only to compel an officer or agency to perform a purely ministerial duty." Citizens Committee to Recall Rizzo v. Bd. of Elections of City & Cnty. of Phila., 367 A.2d 232, 236 (Pa. 1976). "It is well-settled that mandamus will never lie to compel a review of a decision of … [a] person invested with discretion …." Id. (citations omitted).

DOC's decision to confiscate records from a current inmate relating to air, water and waste water monitoring of infrastructure at two state correctional facilities clearly relates to an internal security matter within the discretion of DOC. See Small v. Horn, 722 A.2d 664 (Pa. 1998) (DOC must enforce reasonable rules of internal prison management to insure public safety and prison security); Bronson v. Central Office Review Committee, 721 A.2d 357 (Pa. 1998) (same); Bundy v. Beard, 924 A.2d 723 (Pa. Cmwlth. 2007) (sustaining demurrer to petition seeking declaratory relief; DOC confiscated Uniform Commercial Code[2] (UCC) filing documents). Because the Petition improperly seeks to compel action by persons vested with discretion, mandamus will not lie to compel the release of the confiscated material.

---

[2] Act of April 16, 2008, P.L. 57, 13 Pa. C.S.A. §§1101-9809.

Moreover, Petitioner has not established a clear right to possess the confiscated material in prison. That the material at issue was obtained through a RTKL request does not alter our analysis. An inmate does not have the same right to possess records as a non-incarcerated citizen. As this Court previously stated (with emphasis added):

Requester [inmate] argues that, as a requester of documents under the RTKL, he stands in the position of the public at large, per Pennsylvania State University v. State Employees' Retirement Board, [935 A.2d 530, 537 (Pa. 2007)], and that his status as an inmate should not be taken into account. We do not agree. Initially, we note that Pennsylvania State University stands for the principle that '[w]hen the media requests disclosure of public information from a Commonwealth agency pursuant to the [RTKL], the requester then stands in the shoes of the general public.' Id. Inmates do not enjoy the same 'panoply of rights' as non-incarcerated citizens. Bronson [v. Central Office Review Committee, 554 721 A.2d 357, 359 (Pa. 1998)] (quoting Robson v. Biester, 420 A.2d 9, 12 (Pa. Cmwlth. 1980)[)]. Disclosure of the first names of corrections officers to the general public might not pose the same risk of harm as disclosure of those names to an inmate. We note that, even if we were to hold that Requester was entitled to the corrections officers' first names under the RTKL, [DOC] could still prohibit Requester from receiving this information. See Bundy v. Beard, 924 A.2d 723 (Pa. Cmwlth. 2007) (An inmate obtained [UCC] filing forms through a right-to-know request to the Pennsylvania Department of State, and this Court upheld a Department policy prohibiting inmates from receiving UCC materials under a rational basis test, on the basis that prohibiting the receipt of the materials furthered a legitimate penological purpose). We, therefore, reject Requester's position that this Court should disregard the fact that he is an inmate seeking information about the corrections officers at the facility where he is incarcerated.

Stein v. Office of Open Records, (Pa. Cmwlth., No. 1236 C.D. 2009, filed May 19, 2010) (per curiam), slip op. at 10-11, 2010 WL 9511502 at *5 (unreported).[3]

Finally, we observe that Petitioner is not without a remedy. His remedy is in the grievance process, which he fully pursued. Inmates cannot bring a civil rights action under 42 U.S.C. §1983 to vindicate a right to property where adequate post-deprivation remedies exist under state law. Hudson v. Palmer, 468 U.S. 517 (1984) (unauthorized intentional deprivation of property by prison guard did not constitute violation of due process clause because meaningful post-deprivation remedies for the loss were available under state law). Our courts recognize that DOC's grievance process is constitutionally adequate. McEachin v. Beard, 319 F.Supp. 2d 510 (E.D. Pa. 2004); Waters v. Dep't of Corr., 509 A.2d 430, 433 (Pa. Cmwlth. 1986) (DOC's "inmate grievance review system provides an adequate and meaningful legal remedy ….").

Accordingly, Respondent's demurrer is sustained.

**B. Dismissal under PLRA**

Petitioner's status as an abusive litigator as defined in the PLRA is well-established. See Brown v. Levy, 993 A.2d 364 (Pa. Cmwlth. 2010); Brown v. Pa. Dep't of Corr., 913 A.2d 301, 306 (Pa. Cmwlth. 2006) ("[Petitioner] is a well-qualified abusive litigator within the meaning of the PLRA."), appeal denied, 918 A.2d 748 (Pa. 2007); Brown v. James, 822 A.2d 128 (Pa. Cmwlth. 2003) (listing

---

[3] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

Pennsylvania and federal cases filed by Petitioner which were dismissed as frivolous), appeal denied, 848 A.2d 930 (Pa. 2004).

In fact, Petitioner does not dispute the fact he is an abusive litigator: "It is undisputed Petitioner has previously filed more than three prison conditions litigation actions that have been dismissed." Pet'r's Br. in Resp. to Resp't's Prelim. Objections at 6.

However, a court may not dismiss a prisoner's prison conditions complaint based solely on the prior dismissals of other complaints. See Lopez v. Haywood, 41 A.3d 184 (Pa. Cmwlth. 2012). In accord with Lopez, a prisoner may still proceed with prison conditions litigation as long as he pays the required filing fees and costs, and the action does not violate Section 6602(e)(2) of the PLRA, which provides:

> **(e) Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> * * * *
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa. C.S. §6602(e)(2) (emphasis added).

9

Based on our decision that Petitioner fails to state a claim for mandamus relief, we conclude that his Petition violates Section 6602(e)(2) of the PLRA if it qualifies as "prison conditions litigation."

"Prison conditions litigation" is defined in Section 6601 of the PLRA as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal." 42 Pa. C.S. §6601.

We conclude that this Petition qualifies as "prison conditions litigation" within the statutory definition. Petitioner seeks return of his property confiscated by DOC. Also, he allegedly plans to use the confiscated records to continue his investigation into drinking water contamination at a state correctional facility. Further, he avers improper retaliatory transfer. Pet. for Review at ¶¶2, 13. Because the Petition fails to state a claim for mandamus relief, and thereby violates Section 6602(e)(2) of the PLRA, dismissal is required.

There is another limitation on a court's authority to dismiss prison conditions litigation under the PLRA. Section 6602(f)(2), 42 Pa. C.S. §6602(f)(2), provides that a court shall not dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

This limitation on a court's ability to dismiss under the PLRA does not apply here. Petitioner does not seek a preliminary injunction or a temporary restraining order. Also, Petitioner makes no averment that he is in imminent danger of serious bodily injury.[4]

Finally, we reject Petitioner's claim that this case is controlled by the RTKL and not by the PLRA. The RTKL does not enhance Petitioner's right to possess material while in prison; rather, DOC internal security decisions control. Operation of the RTKL ceased once a Commonwealth agency (DEP) complied with Petitioner's RTKL request and produced the documents for him. At that point, the General Assembly's intent in enacting the RTKL was fully realized as to Petitioner's request.

### C. Jurisdiction

We reject Petitioner's claim that his action could be filed in both this Court's appellate and original jurisdiction. Instead, we accept Respondent's assertion that this matter is within the Court's original jurisdiction because it is a

---

[4] In a prior action, Petitioner's bodily injury claim was rejected as not sufficiently "imminent." Brown v. Beard, 11 A.3d 578, 581-582 (Pa. Cmwlth. 2010) (Petitioner alleged he was in imminent danger of serious bodily injury if he was sent back to his previous state correctional facility, because he might be subjected to the same mistreatment he was allegedly subjected to previously; Court held if Petitioner's complaint was allowed to proceed under Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f), the "imminent" exception would swallow the rule and the General Assembly's use of the word "imminent" would be rendered meaningless.) In the current matter, we have no reason to believe Petitioner can credibly cure this same argument by amending his pleading.

proceeding brought by Petitioner against a Commonwealth party, the Secretary of DOC. 42 Pa. C.S. §761(a)(1).

Section 1301(a) of the RTKL, 65 P.S. §67.1301(a), allows a party to file a petition for review in the Commonwealth Court "[w]ithin 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a Commonwealth agency … or the date a request for access is deemed denied …." Petitioner fails to identify any final determination of an appeals officer relating to a decision of a Commonwealth agency or any date access was deemed denied. Indeed, based on the averments in the Petition, there were no decisions by a RTKL appeals officer which were adverse to Petitioner. Therefore, Petitioner fails to explain how the authorization of Section 1301(a) of the RTKL applies to him.

Moreover, there is no other provision in the RTKL which authorizes Petitioner to "appeal" to this Court. The other Sections of the RTKL cited by Petitioner, Sections 1304 and 1305, relate to remedies: court costs, attorney fees and civil penalties. 65 P.S. §§67.1304, 67.1305. These sections do not authorize the initiation of an appeal.

Further, Petitioner does not identify any other statute which authorizes his "appeal." In the absence of statutory authority for Petitioner's "appeal," we conclude that the Petition was filed solely in this Court's original jurisdiction pursuant to 42 Pa. C.S. §761(a)(1).

12

This conclusion is consistent with our Supreme Court's decision in Bronson. In Bronson, our Supreme Court addressed confiscation of inmate civilian clothing. The Court held in part the Commonwealth Court does not have appellate jurisdiction over inmate appeals of decisions by intra-prison disciplinary tribunals, such as grievance and misconduct appeals. The Court said:

> [I]nternal prison operations are more properly left to the legislative and executive branches, and . . . prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference. [See Robson, 420 A.2d at 12] (citing Bell v. Wolfish, [441 U.S. 520 (1979)]). We agree. Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the "full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding. . . ." [Robson, 420 A.2d at 12] (citing Wolff v. McDonnell, [418 U.S. 539 (1974)]).

Bronson, 721 A.2d at 358-59. Thus, Petitioner cannot "appeal" the adverse determinations on his confiscation grievance to this Court, which is essentially what he is trying to do.

## V. Summary

For all of the above-stated reasons, we sustain Respondent's preliminary objections and dismiss the Petition.

_____
ROBERT SIMPSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,  :
          Petitioner  :
                    :
          v.  :   No. 318 M.D. 2015
                    :
John E. Wetzel,  :
          Respondent  :

## **O R D E R**

**AND NOW**, this 9th day of September, 2016, the preliminary objections filed by Respondent John E. Wetzel are **SUSTAINED** and the petition for review filed by Alton D. Brown is **DISMISSED with prejudice**.


                                    

                          ROBERT SIMPSON, Judge