IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerard Bradley,                 :
         Petitioner         :
                             :
      v.                  :
                             :
Pennsylvania Department   :
of Corrections,              :    No. 374 M.D. 2020
         Respondent     :    Submitted: October 23, 2020

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge[1]
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: January 11, 2021

Before the Court are the Preliminary Objections to the Petition for Review (Preliminary Objections), in the nature of a demurrer, filed by the Pennsylvania Department of Corrections (Department) in response to Jerard Bradley's (Petitioner) Petition for Review (Petition). Representing himself, Petitioner seeks relief in our original jurisdiction of his inmate misconduct finding. Petitioner challenges the process utilized in the prosecution of a misconduct finding he received following an altercation with prison officials. Specifically, Petitioner

---

[1] This case was assigned to the opinion writer prior to January 4, 2021, when Judge Brobson became President Judge.

claims he was not timely served with the misconduct prior to the hearing thereon and that he was not allowed to call witnesses on his own behalf at the hearing. For the reasons that follow, we overrule the Preliminary Objections.

Petitioner is incarcerated at the State Correctional Institution at Somerset (SCI-Somerset). *See* Petition at 1, ¶ 1. Petitioner alleges that on March 16, 2020, prison officials brought him to a hearing room for a hearing on a misconduct regarding an incident that allegedly occurred on March 10, 2020. *See* Petition at 1, ¶ 4. Petitioner alleged that he had not been served with a copy of the misconduct prior to the hearing. *See id.* at 1 & 5, ¶¶ 4 & 20. Petitioner alleges that he raised a claim with the hearing examiner that he had not received service of the misconduct, as required, but that the hearing examiner conducted the hearing nonetheless. *See id.* at 1-2 & 5, ¶¶ 4, 7 & 20. In addition to not being served with proper notice of the misconduct charges against him, Petitioner also alleges that he was prevented from calling witnesses or introducing evidence on his behalf at the hearing. *See id.* at 5, ¶ 20.

In the Preliminary Objections, Department alleges that Petitioner did, in fact, receive a copy of the misconduct prior to the misconduct hearing. *See generally* Preliminary Objections. Department claims that a copy of the misconduct establishes that Petitioner received written notice of the charges against him on March 10, 2020, at 15:30 hours. *See* Preliminary Objections at 4, ¶¶ 17-19. Department further argues that the misconduct form establishes that prison officials "informed" Petitioner of the misconduct charges and issued forms to Petitioner that would have allowed him to submit his own version of events and request witnesses and/or representation, if Petitioner desired. *See id.* at 4-5, ¶ 20. Further, Department

2

claims that the hearing examiner's contemporaneous notes do not document that Petitioner either complained of a lack of proper, timely service of the misconduct prior to the hearing, or lodged any complaint regarding his ability to call witnesses on his own behalf. *See id.* at 5, ¶ 21. Department further argues that documents related to later requested reviews of the matter likewise fail to illustrate that Petitioner lodged a complaint that he was unable to call witnesses on his own behalf at any time during the grievance procedure. *See id.* at 5, ¶¶ 22-24. Accordingly, Department requests that the Court sustain its Preliminary Objections and dismiss the Petition with prejudice. *See id.* at 6, ¶ 25-26 & Wherefore Clause.

Initially, we note that

[i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

3

Further, this Court has held that Department's internal grievance procedure provides constitutionally adequate and meaningful legal remedies to inmates. *See Fennell v. Goss* (Pa. Cmwlth., No. 1198 C.D. 2015, filed October 2, 2015);[2] *Silo v. Ridge*, 728 A.2d 394, 399 (Pa. Cmwlth. 1999). "Procedural due process is satisfied in prison disciplinary proceedings resulting in the loss of benefits when the inmate is afforded with (1) written notice of the violation charged at least 24 hours in advance of hearing; (2) a written statement by the factfinders as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses on his own behalf and to present documentary evidence when institutional safety or correctional goals will not be unduly placed in hazard." *Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

Here, the Petition pleads facts sufficient to support a claim that the process Petitioner received in this matter was inadequate. Petitioner alleges that he did not receive a copy or notification of the misconduct charge at least 24 hours prior to his misconduct hearing. *See* Petition at 1-2 & 5, ¶¶ 4, 7 & 20. Likewise, the Petition alleges that Petitioner was not afforded his right to call witnesses and/or present documentary evidence. *See* Petition at 5, ¶ 20. While these allegations may be challenged and contradicted by documentary or testimonial evidence later in the

---

[2] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

proceedings,[3] at this point in the proceedings, they suffice to state claims upon which, if proven, the Court may grant Petitioner relief. *Robson*.

For the foregoing reasons, we overrule the Preliminary Objections.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[3] We note that Department and Petitioner have each attached, to various filings in this matter, differing versions of the misconduct report allegedly served upon Petitioner. *See* Preliminary Objections, Exhibit A; Petitioner's Brief in Opposition to Preliminary Objections, Exhibit 1. While the authenticity of these competing documents presents an obvious question of fact and an evidentiary question upon which the outcome of the matter may ultimately hinge, the documents are irrelevant for the purpose of determining the Preliminary Objections, which, as discussed *supra*, requires this Court to determine whether Petitioner has stated a claim upon which relief may be granted based solely on the Petition and attached documentation. *See Diess v. Pa. Dep't of Transp.*, 935 A.2d 895, 903 (Pa. Cmwlth. 2007) ("Courts reviewing preliminary objections may consider not only the facts pleaded in the complaint, but also documents or exhibits attached to the complaint, and based upon the averments and documentary support may address challenges to the legal sufficiency of the complaint.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerard Bradley,                        :
            Petitioner                 :
                                       :
        v.                             :
                                       :
Pennsylvania Department                :
of Corrections,                        :     No. 374 M.D. 2020
            Respondent                 :

# O R D E R

AND NOW, this 11th day of January, 2021, the Preliminary Objections to the Petition for Review filed by the Pennsylvania Department of Corrections are OVERRULED.  The Pennsylvania Department of Corrections is directed to file an answer to Jerard Bradley's Petition for Review within 30 days of the date of this order.

_____
CHRISTINE FIZZANO CANNON, Judge