# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Wayne Prater, <br>            Appellant <br><br>        v. <br><br> Pennsylvania Department of Correction - [D.O.C.], John E. Wetzel - Secretary of Corrections, Dorina Varner - Chief Grievance Officer, Keri Moore - Chief Grievance Officer, Barry Smith - Superintendent at SCI-Houtzdale - [Super], Rebecca Reifer - Grievance Officer at SCI Houtzdale [G/C], M. Ivicic - Corrections Classification & Program Manager [CCPM], Susan McQuillen - Corrections Employment Vocational Coordinator [CEVC], Joel Barrows - Major at SCI Houtzdale, Mr. Norvell - Maintenance Supervisor at SCI Houtzdale [M/S], Mr. Kuhn - Carpenter at SCI Houtzdale [Car], Crystal Loy - Unit Manager at SCI Houtzdale [U/M], Rodney McBride - Unit Counselor at SCI Houtzdale [U/C], Stewart - Sergent at SCI Houtzdale - [Sgt.] | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :     No. 119 C.D. 2020 <br> :     Submitted: January 29, 2021 |

BEFORE:     HONORABLE P. KEVIN BROBSON, President Judge <br>
                   HONORABLE MICHAEL H. WOJCIK, Judge <br>
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION <br>
BY JUDGE FIZZANO CANNON           FILED: April 27, 2021

Wayne Prater (Prater) appeals, *pro se*, the January 7, 2020 order of the Court of Common Pleas of Clearfield County (trial court) sustaining certain preliminary objections filed on behalf of Pennsylvania Department of Corrections Secretary John Wetzel (Wetzel), Chief Grievance Officer Dorina Varner (Varner), Chief Grievance Officer Keri Moore (Moore), State Correctional Institution Houtzdale (SCI-Houtzdale) Superintendent Barry Smith (Smith), Superintendent's Assistant and Facility Grievance Coordinator Rebecca Reifer (Reifer), Corrections Classification Program Manager M. Ivicic (Ivicic), Corrections Employment Vocational Coordinator Susan McQuillen (McQuillen), Major Joel Barrows (Barrows), Maintenance Supervisor Norvell (Norvell), Carpenter Kuhn (Kuhn), Unit Manager Crystal Loy (Loy), Unit Counselor Rodney McBride (McBride), and Sergeant Stewart (Stewart) (collectively, DOC) to Prater's *pro se* petition for review (Petition). Upon review, we reverse, in part, and affirm, in part.

Prater originally filed the Petition in this Court on May 31, 2018, in the Court's original jurisdiction.[1] This Court summarized the allegations contained in the Petition as follows:

> On May 31, 2018, Prater filed the Petition, wherein he alleges that, while working in the maintenance department at SCI[-]Houtzdale on March 1, 2018, he engaged in a conversation with three white inmate coworkers about institutions going into lockdown and wasting money. According to Prater, during that conversation, he stated that "the state always finds a way not to work." Petition ¶ 3 (emphasis omitted). Prater avers, after making that statement, Kuhn told Prater that he "will never work for [Kuhn] again." Petition ¶ 4 (emphasis omitted). Prater alleges when he left the

---

[1] The matter was originally assigned Commonwealth Court Docket No. 392 M.D. 2018.

2

maintenance department that day, Kuhn subjected him to a "hostile pat search[.]" Petition ¶ 8. Prater further describes that he reported to his work detail the next day, but Norvell informed him that he was wanted back in the housing unit. Upon his return thereto, Prater was advised no one had requested his return. According to Prater, he returned to the job site where Norvell again told him he was wanted in the housing unit, but Prater explained to Norvell that the housing unit officers denied calling for him, and Prater asked Norvell if he was fired. Norvell informed him he was not fired, but was not working that day, and to return to the housing unit. On March 2, 2018, Prater filed Grievance No. 724097, alleging he was subjected to racial discrimination in his interactions with Norvell and Kuhn, and complaining of an unlawful racially discriminatory culture in the maintenance department. He further avers he was later directed to report to the Security Office where he was informed he was being investigated concerning his March 1, 2018 statement. Notwithstanding, Prater acknowledges he was not given a misconduct report for the statement.

Prater contends that on March 15, 2018, Grievance No. 724097 was denied as frivolous, that he appealed from that denial to Smith, and that Smith denied his appeal. According to Prater, less than one week later, on March 28, 2018, during his morning meal, Smith told Prater, "I will show you how big my balls are." Petition ¶ 21 (emphasis omitted). Prater alleges that he perceived the statement as a boast that Smith could do as he wished without repercussion. On that same date, Prater allegedly reported for work, but was told to return to his housing unit, whereby Loy and McBride informed him he had been removed from his job in the maintenance department and had been assigned to work kitchen detail. Prater avers that he told Loy to remove him from kitchen detail, but that his request was ignored. Prater asserts that Loy conducted a Unit Manager Team meeting on March 28, 2018, to remove him from his job assignment, but that he was given no reason for his removal. Prater also describes that, on

3

that same date, he received a job assignment orientation notice informing him to report to the culinary department for a work assignment. That day, Prater submitted two Department DC-135 [Inmate Request to a Staff Member] Forms (DC-135 form) – one to Smith, objecting to his March 28, 2018 statement, and the other to McQuillen requesting that his job change be postponed pending resolution of his challenges to the change. According to Prater, on March 31, 2018, he also filed an abuse and retaliation complaint via the Prison Rape Elimination Act (PREA) hotline against Smith "for his actions and statement to Prater." Petition ¶ 28.

Prater represents that, on April 3, 2018, McQuillen responded to the DC-135 form stating: "[A]ddress to . . . Smith[.]" Petition ¶ 29. Prater further asserts that, since Smith had not responded to the first DC-135 form, on April 5, 2018, he sent Smith another one. On April 9, 2018, Smith denied having received the March 28, 2018 DC-135 form.

According to Prater, despite having requested on March 28, 2018 that he be removed from all jobs until his grievance was resolved, he received a misconduct report for failing to report to kitchen work detail. At an April 16, 2018 hearing on the misconduct report, Prater was given a reprimand and again assigned to kitchen detail. On April 17, 2018, Prater filed another complaint against Smith via the PREA hotline for Smith's March 28, 2018 statement. On April 19, 2018, Prater was called to the Security Office to make a written report of his complaint. On April 24, 2018, Prater received another misconduct for failing to report to his kitchen work detail. Also on April 24, 2018, Prater sent a DC-135 form to Barrows contending that Loy was not doing her job correctly, and that he had improperly received two misconducts. On April 26, 2018, Prater filed Grievance No. 733589, complaining that Loy had failed to remove him from all jobs, that McQuillen had ignored his job change request and that Prater had sent a DC-135 form to Barrows and that Loy's refusal to grant his request

4

resulted in two misconducts. Barrows denied Grievance No. 733589 on May 3, 2018.

Prater contends that because Barrows was named in the grievance, Barrows violated Inmate Grievance Policy DC-ADM 804 by responding thereto. Further, he asserts that [DOC] failed to comply with this Court's precedent. He seeks money damages and equitable relief.

*See Prater v. Dep't of Corr.* (Pa. Cmwlth., No. 392 M.D. 2018, filed July 10, 2019), slip op. at 2-4 (footnotes omitted); *see also generally* Petition.

On July 17, 2018, DOC filed Respondents' Preliminary Objections to the Petition for Review (Preliminary Objections). The Preliminary Objections raised three preliminary objections: first, that this Court lacked jurisdiction over the matter; second, that the Petition failed to conform to the requirements of the Pennsylvania Rules of Civil Procedure; and third, that the Petition failed to state a claim upon which relief may be granted – a demurrer. By memorandum opinion and order dated July 10, 2019, this Court granted DOC's first preliminary objection and transferred the matter to the trial court for disposition of the remaining two preliminary objections. *See Prater*, slip op. at 12-13 & Order.

After reviewing the Preliminary Objections and the parties' attendant filings in support and opposition thereto, the trial court sustained both the second and third Preliminary Objections and dismissed the Petition, with prejudice, by order dated January 7, 2020. *See* Trial Court Order dated January 7, 2020 (Trial Court Order). Prater appealed to this Court.

On appeal,[2] Prater claims that the trial court erred in sustaining the Preliminary Objections.[3] We find the trial court erred by sustaining the second

[2] Where a trial court dismisses a complaint as a result of preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018).

[3] Prater framed his questions presented to this Court as follows:

> **#1.)** Did The Common Pleas Court of Clearfield County error by dismissing " Petition for Review " for not following **Pa. R. Civ. P. Rule 1019(i)?**

> **#2.)** Did The Common Pleas Court of Clearfield County error by ignoring Petitioner's clear claim of " *Procedural Due Process* " or " *Procedural Requirements* ", pursuant to **37 Pa. Code §93.10(b)** –[State law for Inmate Discipline ] ?

> **#3.)** Did The Common Pleas Court of Clearfield County error by not addressing Respondent's " *Constructive Contempt* " of two standing Court rulings in *Bush Supra & Williams Supra*?

> **#4.)** Did The Common Pleas Court of Clearfield County error by denying Appellant the equal protection, his civil rights, the right against discrimination, the due course of law, the right to petition, and the freedom of speech, when it dismissed " *Petition for Review* " in violation of **Pa. Const. Art. 1 §7, §11, §20, §26, and §28?**

> **#5.)** Did The Common Pleas Court of Clearfield County error by not hold Respondent's accountable for violation of State law **37 Pa. Code §93.10(b)**, allow Respondent's to continue their campaign of racial discrimination, retaliation, and denial of equal protection against Appellant?

> **#6.)** Did The Common Pleas Court of Clearfield County error by dismissing "*Petition for Review*", when Respondent's never deny any of the facts presented?

Prater's Br. at 2 (verbatim). Although facially stated as separate issues in the Statement of Questions Presented contained in Prater's brief, a review of the Argument portion of Prater's brief reveals that Prater's issues generally argue disagreement with the trial court's determination of the Preliminary Objections based on Prater's view of his underlying claim regarding his removal from his prison job. Therefore, as this Court's role is not to act as counsel for litigants, *see Commonwealth v. Le*, 208 A.3d 960, 976 n.17 (Pa. 2019) ("It is not [an appellate] Court's function

Preliminary Objection, but properly dismissed the Petition after it sustained the third Preliminary Objection.

Regarding the second Preliminary Objection, Pennsylvania Rule of Civil Procedure 1019(i) (Pa.R.C.P. No. 1019(i)) provides that, "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. No. 1019(i). Like non-incarcerated litigants, prisoners are subject to the requirements of Pa.R.C.P. No. 1019(i) and may have their petitions dismissed for failure to comply with the rule. *See Feigley v. Dep't of Corr.*, 872 A.2d 189, 195 (Pa. Cmwlth. 2005) (sustaining preliminary objection based on Pa.R.C.P. No. 1019(i) where inmate failed to attach necessary writing to petition).

Here, without identifying specific allegedly missing documents, the second Preliminary Objection claimed that Prater failed to attach required documents to the Petition.[4] *See* Preliminary Objections at 6. The trial court sustained this objection, also without identifying the purportedly missing documents.[5] *See* Trial Court Order at 3.

---

to act as an advocate for the parties."), and given the lack of clarity in Prater's purportedly individual claims, this opinion will focus instead on the trial court's reasoning for sustaining the Preliminary Objections, the wisdom and correctness of which Prater challenges.

[4] The Preliminary Objections alleged simply that Prater failed to "attach[] to his Petition [] a copy of the writings upon which his claim is based, as required by Pa.R.C.P. No. 1019(i)." Preliminary Objections at 6.

[5] The trial court's order sustained DOC's second Preliminary Objection by stating simply that "[Prater] failed to follow the Rules of Civil Procedure, number 1019(i) by omitting a copy of the writing to [DOC] that his claim was based on." Trial Court Order at 3.

In their current brief to this Court, DOC identify the missing documents, stating: "[s]pecifically, [Prater] repeatedly refers to DC-135 Request to Staff forms in his Petition, but failed to append them to the filing." DOC's Br. at 12. However, a review of the Petition reveals that Prater in fact did attach a considerable amount of documentary evidence as attachments to the Petition, including multiple DC-135 Requests to Staff to the Petition. *See* Petition Exhibits B, C, E, F, H & K. As a result, the trial court erred by sustaining the second Preliminary Objection.

The trial court did not err, however, by sustaining the demurrer presented by the third Preliminary Objection. In its third objection, DOC argued that Prater failed to state a claim upon which relief could be granted because, in part, Prater has no right to a particular prison job. *See* Preliminary Objections at 6-8. The trial court sustained this objection, finding that, in addition to failing to allege how certain of the DOC appellees[6] were personally involved in the alleged wrongdoings,

> [Prater] also failed to state a right granted by the Constitution or United States laws that [DOC] violated. Even though [Prater] argues his claim is not based on a specific job, all facts stated lead back to that complaint.

Trial Court Order at 3. The trial court noted that "[t]here is no protected right for an inmate to have a specific job[,]" and ultimately concluded that, "[s]ince [Prater] has stated no other protected right that has been violated, his [Petition] cannot stand." *Id.*

We agree with the trial court's determination of DOC's demurrer. The factual allegations of the Petition center around Prater's removal from his preferred

---

[6] Specifically, Wetzel, Varner, Moore, Reifer, Ivicic, McQuillen, Norvell, and Stewart. *See* Trial Court Order at 3.

8

prison job in the prison maintenance department and reassignment to a culinary position. *See* Petition at 2-7. Simply put, prisoners have no protected interest in maintaining any particular prison job. *See Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010). Therefore, the trial court did not err in sustaining the Preliminary Objections' demurrer.

Further, to the extent Prater alleges he was denied due process regarding his grievances related to alleged violations of prison policy, this claim also fails to state a claim upon which relief may be granted. DOC's internal grievance procedure provides constitutionally adequate and meaningful legal remedies to inmates. *See Fennell v. Goss* (Pa. Cmwlth., No. 1198 C.D. 2015, filed Oct. 2, 2015);[7] *Silo v. Ridge*, 728 A.2d 394, 399 (Pa. Cmwlth. 1999). This Court lacks jurisdiction to consider the Petition to the extent that it seeks review of the denial of Prater's grievances. In *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998), our Supreme Court agreed with this Court that "internal prison operations are more properly left to the legislative and executive branches, and that prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." *Id.* at 358 (citing *Robson v. Biester,* 420 A.2d 9 (Pa. Cmwlth. 1980)). In *Bronson*, the Supreme Court held that this Court lacks jurisdiction to review inmate appeals of decisions by intra-prison disciplinary tribunals:

> [u]nlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal

---

[7] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding. Therefore, the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa.C.S § 763, over inmate appeals of decisions by intra-prison disciplinary tribunals.

*Id.* at 358–59 (internal citations and quotations omitted). Even if Prater had brought this Petition before this Court in our original jurisdiction, our Supreme Court further held in *Bronson* that this Court cannot entertain such matters in our original jurisdiction, except in very limited circumstances. As the Supreme Court explained:

[p]rison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens . . . incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Unless an inmate can identify a personal or property interest . . . not limited by Department of Corrections regulations and which has been affected by a final decision of the [D]epartment the decision is not an adjudication subject to the court's review.

*Id.* at 359 (internal citation, quotations, and brackets omitted). Thus, because the Petition challenges the denial of Prater's grievances regarding internal prison administrative determinations, we do not have jurisdiction to consider these findings. *See id.* at 358-59.

For the preceding reasons, we reverse the Trial Court Order to the extent it sustained the second Preliminary Objection, but affirm the Trial Court

10

Order to the extent it sustained the third Preliminary Objections' demurrer and dismissed the Petition.


_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Prater,                                        :
               Appellant                  :
                                     :
           v.                                       :
                                     :
Pennsylvania Department of                           :
Correction - [D.O.C.], John E. Wetzel -              :
Secretary of Corrections, Dorina                     :
Varner - Chief Grievance Officer,                    :
Keri Moore - Chief Grievance Officer,                :
Barry Smith - Superintendent at SCI-                 :
Houtzdale - [Super], Rebecca Reifer -                :
Grievance Officer at SCI Houtzdale                   :
[G/C], M. Ivicic - Corrections                       :
Classification & Program Manager                     :
[CCPM], Susan McQuillen -                             :
Corrections Employment Vocational                    :
Coordinator [CEVC], Joel Barrows -                   :
Major at SCI Houtzdale, Mr. Norvell -                :
Maintenance Supervisor at SCI                        :
Houtzdale [M/S], Mr. Kuhn - Carpenter                :
at SCI Houtzdale [Car], Crystal Loy -                :
Unit Manager at SCI Houtzdale [U/M],                 :
Rodney McBride - Unit Counselor at                   :
SCI Houtzdale [U/C], Stewart - Sergent               :   No. 119 C.D. 2020
at SCI Houtzdale - [Sgt.]                             :

# O R D E R

AND NOW, this 27th day of April, 2021, the January 7, 2020 order of the Court of Common Pleas of Clearfield County (Trial Court Order) is REVERSED to the extent it sustained the second objection contained in the preliminary objections filed on behalf of the Pennsylvania Department of Corrections' Secretary John Wetzel, Chief Grievance Officer Dorina Varner, Chief Grievance Officer Keri

Moore, State Correctional Institution Houtzdale's Superintendent Barry Smith, Superintendent's Assistant and Facility Grievance Coordinator Rebecca Reifer, Corrections Classification Program Manager M. Ivicic, Corrections Employment Vocational Coordinator Susan McQuillen, Major Joel Barrows, Maintenance Supervisor Norvell, Carpenter Kuhn, Unit Manager Crystal Loy, Unit Counselor Rodney McBride, and Sergeant Stewart (Preliminary Objections) to Appellant Wayne Prater's *pro se* petition for review filed May 31, 2018 (Petition). The Trial Court Order is AFFIRMED to the extent it sustained the Preliminary Objections' third objection in the nature of a demurrer. The Petition is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge