IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Graziano,                              :
                           Petitioner         :
                                              :
         v.                                   : No. 468 M.D. 2019
                                              : Submitted: December 4, 2023
John Wetzel, Secretary of the                 :
Pennsylvania Department of                    :
Corrections,                                  :
                           Respondent         :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED: March 6, 2024


        Edward Graziano (Graziano), *pro se*, filed a petition for review in this Court's
original jurisdiction seeking a declaratory judgment and injunctive relief against the
Pennsylvania Department of Corrections' (Department) implementation of its
inmate sanctioning scheme referred to as "Swift, Certain and Fair" (SCF). Presently
before the Court for our disposition is Department Secretary John Wetzel's (Wetzel)
Application for Summary Relief, pursuant to Rule 1532(b) of the Pennsylvania
Rules of Appellate Procedure, Pa.R.A.P. 1532(b), requesting dismissal of
Graziano's amended petition for review for lack of a justiciable controversy. After

careful review, we grant Wetzel's Application for Summary Relief and dismiss Graziano's amended petition for review, with prejudice.

## I. Factual and Procedural History

Pursuant to Act 115 of 2019, also referred to as the Justice Reinvestment Initiative 2 (JRI2), the Department introduced SCF to streamline prison discipline for minor behavioral infractions and divert technical parole violators from prison. *See* Act of Dec. 18, 2019, P.L. 776, No. 115. According to the Department's SCF procedures, prison staff members who observe a violation of an applicable rule (*e.g.*, failure to stand for an inmate count or interfering with the count) must first complete an SCF infraction sheet. *See Graziano v. Wetzel* (Pa. Cmwlth., No. 468 M.D. 2019, filed Nov. 9, 2021) (*Graziano III*), slip op. at 1. Next, the staff member provides this sheet to the Housing Unit Sergeant who: (i) reviews the circumstances of the infraction, (ii) counsels the accused inmate and obtains his or her signature acknowledging the sanction to be imposed, and (iii) sanctions the inmate. *Id.* Depending upon the inmate's history of misconduct, a Housing Unit Sergeant can impose discipline ranging from a reprimand and warning to 21 days of cell restriction. *Id.*, slip op. at 2. The maximum sanction under SCF, 30 days of cell restriction, can only be imposed by a Department hearing examiner after an inmate accumulates eight or more infractions within a single 365-day period. *Id.* SCF sanctions for multiple violations are served consecutively. *Id.*

On August 22, 2019, Graziano, then incarcerated at the State Correctional Institution (SCI) at Forest, filed a *pro se* petition for review challenging the Department's use of SCF at SCI Forest. *See* Petition for Review ¶¶ 29-34. Wetzel submitted preliminary objections to Graziano's petition for review. *See* Wetzel's Preliminary Objection to Petition for Review (Pa. Cmwlth., No. 468 M.D. 2019,

2

filed Sept. 13, 2019). After the Court granted him leave to do so, Graziano filed an amended petition for review on February 11, 2021, denouncing SCF as applied to *every* inmate housing unit within the SCI system. *See* Amended Petition for Review ¶ 4. Wetzel refiled preliminary objections. *See* Wetzel's Preliminary Objection to Amended Petition for Review (Pa. Cmwlth., No. 468 M.D. 2019, filed Feb. 25, 2020). While Wetzel's objections were pending, Graziano filed an application for a preliminary injunction, which this Court denied by memorandum opinion and order dated December 4, 2020. *See Graziano v. Wetzel* (Pa. Cmwlth., No. 468 M.D. 2019, filed Dec. 4, 2020) (*Graziano I*) (Fizzano Cannon, J., single-judge op.). Thereafter, Graziano filed an amended motion for a preliminary injunction, which this Court likewise denied by memorandum opinion and order dated March 1, 2021. *See Graziano v. Wetzel* (Pa. Cmwlth., No. 468 M.D. 2019, filed Mar. 1, 2021) (*Graziano II*) (Fizzano Cannon, J., single-judge op.).

After reviewing the merits of Graziano's amended petition for review and Wetzel's preliminary objections, a panel of this Court, by memorandum opinion and order dated November 9, 2021, dismissed, with prejudice, Graziano's (i) federal substantive due process claim, (ii) state law claims concerning agency procedure, and (iii) claim of an implied right to bring a private cause of action under Pennsylvania's Mental Health and Intellectual Disability Act.[1] *See Graziano*, slip op. at 10. The Court also dismissed, without prejudice, Graziano's federal procedural due process claim and overruled Wetzel's objections concerning Graziano's state constitutional claims. *Id.* This Court did not dismiss Graziano's claim that SCF is "void for vagueness" because Wetzel failed to raise an objection to the claim. *Id.* Lastly, the Court granted Graziano's request for leave to file a

---

[1] Act of October 20, 1966, Spec. Sess. No. 3, P.L. 96, *as amended*, 50 P.S. §§ 4101-4704.

second amended petition for review and set his deadline to plead a viable federal procedural due process claim as March 25, 2022. *Id.*, slip op. at 10-11.

On December 10, 2021, Wetzel filed an Answer and New Matter to Graziano's amended petition for review. Wetzel also filed an application for summary relief on December 14, 2021, arguing "it is clear the Court is unable to provide [Graziano's] requested relief and the claim should be dismissed as moot." Wetzel's Application for Summary Relief at 2, ¶ 8. Wetzel averred Graziano's claims were moot because the Department moved Graziano to SCI Camp Hill, which does not utilize SCF, in July 2021.[2] *See* Department's Br. at 7.

This Court subsequently provided a briefing schedule to the parties regarding Wetzel's Application for Summary Relief. By per curiam order dated May 1, 2023, we denied Graziano's request for an extension of time to file a second amended petition for review, denied Graziano's third motion for a preliminary injunction, and granted Graziano an additional extension of time to file a brief in opposition to Wetzel's Application for Summary Relief. Graziano failed to timely file both a second amended petition for review *and* a brief in opposition to Wetzel's Application for Summary Relief before the respective deadlines. Graziano ultimately attempted to file a second amended petition for review more than 400 days after the deadline. By per curiam order dated June 6, 2023, this Court dismissed Graziano's second amended petition for review as unauthorized, and we precluded Graziano from filing a brief in opposition to Wetzel's Application for Summary Relief.

Accordingly, we presently evaluate Wetzel's contention that Graziano's amended petition for review is moot. If we do not dismiss Graziano's amended

---

[2] Graziano is currently in the custody of the Department at SCI Huntingdon. *See* Graziano's Letter (Pa. Cmwlth., No. 468 M.D. 2019, filed Jan. 4, 2024).

4

petition for review as moot, we must then determine whether Wetzel is entitled to summary relief on: (i) Graziano's void for vagueness claim, (ii) Graziano's Pennsylvania constitutional claims, and (iii) Graziano's federal procedural due process claim.

## II. Discussion

Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure provides that we "may" grant an application for summary relief "[a]t any time after the filing of a petition for review in an . . . original jurisdiction matter . . . if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). In evaluating whether to award summary relief, "the court must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014) (citation omitted).

### A. Mootness

Under the mootness doctrine, a petitioner must establish that "an actual case or controversy" exists "at all stages" of the litigation. *Dep't of Env't Prot. v. Cromwell Twp., Huntingdon Cnty.*, 32 A.3d 639, 651 (Pa. 2011). An actual case or controversy is one which (i) "is real and not hypothetical[,]" (ii) "affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication[,]" and (iii) has "sufficiently adverse parties so as to sharpen the issues for judicial resolution." *California Borough v. Rothey*, 185 A.3d 456, 463 (Pa. Cmwlth. 2018) (citation omitted). The parties must also have a continuous, "personal stake in the outcome" of the controversy. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). If the petitioner cannot establish each of these factors, the Court must then determine if an exception to the mootness

5

doctrine applies. We will adjudicate a case that is moot if: (i) "[the] conduct complained of is capable of repetition yet likely to evade judicial review," (ii) "the case involves issues of great public importance," or (iii) "one party will suffer a detriment without the court's decision." *Rothey*, 185 A.3d at 463 (citation omitted).

The first exception to the mootness doctrine, that the conduct complained of is capable of repetition yet likely to evade judicial review, is properly established where "the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration" and "there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012). The maximum SCF sanction is 30 days of cell restriction, which means an inmate could never fully litigate his discipline before the discipline ended. There is also a reasonable expectation Graziano could be subjected to SCF again. While Graziano is not currently incarcerated at an SCI facility that utilizes SCF, Graziano alleges SCF is prevalent throughout the entire SCI system. Wetzel and the Department maintain total control over where Graziano is housed throughout the duration of his sentence. Therefore, the Department could transfer Graziano to a facility that implements SCF at any given time. In addition, the Department could easily avoid judicial review of its SCF program by temporarily transferring any inmates who file appeals, similar to Graziano's, to an SCI facility that does not implement SCF.

Accordingly, we conclude Graziano's claims are not moot because the Department's conduct is capable of repetition and likely to evade judicial review by this Court. We, therefore, deny Wetzel's request for summary relief on the basis that Graziano's claims are moot.

B. Void for Vagueness

Turning to the merits of Graziano's claims, Graziano first contends that SCF violates the void for vagueness doctrine.

> As generally stated, the void for vagueness doctrine requires that a *penal statute* define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. [A] statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. Due process requirements are satisfied if the statute provides reasonable standards by which a person may gauge their future conduct.

*Commonwealth v. McCoy*, 895 A.2d 18, 30 (Pa. Super. 2006) (quoting *Commonwealth. v. Barud*, 681 A.2d 162, 165 (Pa. 1996)) (emphasis added).[3] The void for vagueness doctrine does not apply to SCF because SCF is *not* a penal statute, but rather a protocol of disciplinary procedures to guide the Department's handling of an inmate's violation of prison rules. Accordingly, Wetzel is entitled to judgment as a matter of law on this issue.

C. Pennsylvania Constitution

Graziano next argues that SCF violates article I, section 9, and article I, section 11 of the Pennsylvania Constitution. Article 1, section 9, entitled "Rights of Accused in Criminal Prosecutions," provides:

> In all *criminal prosecutions* the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by

---

[3] Decisions of the Superior Court are not binding authority on this Court but may be cited for persuasive value. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. . . .

Pa. Const., art. 1, § 9 (emphasis added). In *Horan v. Wetzel* (Pa. Cmwlth., No. 1425 C.D. 2013, filed May 28, 2014),[4] an inmate alleged the Department violated his article 1, section 9 rights because he was not permitted to introduce witness testimony during a prison disciplinary hearing. A panel of the Court observed, however, that article 1, section 9 was not applicable because prison disciplinary hearings are not criminal prosecutions. *Id.*, slip op. at 4. Moreover, this Court has recognized that "prison officials must be accorded wide ranging deference on the adoption and execution of policies and practices . . . necessary to preserve internal order and to maintain institutional security." *Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980).

Article 1, section 9 of the Pennsylvania Constitution, does not, therefore, apply to the Department's use of SCF. Accordingly, Wetzel's right to relief is clear, and he is entitled to judgment as a matter of law with respect to Graziano's article I, section 9 claim.

Regarding Graziano's claim under article 1, section 11 of the Pennsylvania Constitution, Graziano asserts SCF "creates an impermissible commingling of functions" in violation of article 1, section 11. *See* Amended Petition for Review ¶ 21. Article 1, section 11, also known as the due course of law provision or the remedies clause, provides:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of

---

[4] Unreported memorandum opinions of this Court issued on or after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

8

law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const., art. 1, § 11. Our Supreme Court, on this point, has clarified:

> [T]he due course of law protects only vested rights — meaning "a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another." [*Lewis v. Pa. R. Co.*, 69 A. 821, 823 (Pa. 1908)]. Accordingly, and as the Commonwealth Court aptly explained: "the due course of law provision is invoked when a change in the legislation attempts to alter or eliminate a vested or accrued cause of action." [*Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635, 643 (Pa. Cmwlth. 2018) (citations omitted)].

*Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 232 A.3d 629, 649 (Pa. 2020). Graziano has not presented us with any arguments that SCF eliminates or alters a vested or accrued cause of action. *See, e.g.*, *Ieropoli v. AC&S Corp.*, 842 A.2d 919, 930 (Pa. 2004). For these reasons, Wetzel's right to judgment is clear, and he is entitled to judgment as a matter of law on Graziano's article 1, section 11 claim.

D.  Procedural Due Process

Finally, Graziano claims SCF violates his federal procedural due process rights. As fully outlined above, this Court's memorandum opinion dated November 9, 2021, explained that "[t]here is nothing in the amended petition, as currently constituted, that would allow us to conclude that [Graziano's] procedural due process rights were violated." *Graziano*, slip op. at 10. This Court, however, granted Graziano leave to file a second amended petition for review to "provide him with the opportunity to plead a viable federal procedural due process claim." Slip op. at 11. Graziano failed to timely file a second amended petition for review and has been precluded from doing so. Accordingly, Graziano has failed to plead a

9

viable federal procedural due process claim, and therefore, Wetzel is entitled to judgment as a matter of law on this issue.

### III.  Conclusion

Based on the foregoing, although this Court denied relief on his mootness claim, Wetzel is entitled to judgment as a matter of law on each of Graziano's remaining claims.  We accordingly dismiss Graziano's amended petition for review, with prejudice.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Graziano, : 
                 Petitioner : 
                                       : 
       v. : No. 468 M.D. 2019
                                         : 
John Wetzel, Secretary of the : 
Pennsylvania Department of : 
Corrections, : 
                 Respondent : 

# **O R D E R**

**AND NOW**, this 6th day of March 2024, the Application for Summary Relief filed by John Wetzel, Secretary of Corrections is **GRANTED**, and Edward Graziano's Amended Petition for Review is **DISMISSED**, with prejudice.

                                     _____
                                     STACY WALLACE, Judge