Stephen MURRAY

v.

Lt. NOVAK.

Civ. A. No. 85-7072.

United States District Court,
E.D. Pennsylvania.

Oct. 20, 1986.

Victor A. Young, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiff.

Ellis M. Saul, Deputy Atty. Gen., Office of Atty. Gen., Com. of Pa., Philadelphia, Pa., for defendant.

MEMORANDUM AND JUDGMENT

KATZ, District Judge.

On December 5, 1985, Lt. Novak, a Correctional Officer, confiscated the vest of Mr. Murray, an inmate of the State Correctional Institution at Graterford. Mr. Murray was wearing the distinctive clothing of an unassigned new inmate, so that the vest did not "go" with his other clothing, which consisted of denim pants and a long-sleeved shirt. Mr. Jones, a fellow inmate, had earlier given the sleeveless vest to Mr. Murray. The vest was of a type issued only to inmates who worked in the kitchen, like Mr. Jones. Such inmates need the vest because they go into and out of a freezer. Murray told Novak he was wearing the vest because he was cold. The confrontation took place in a corridor where the temperature was about 65 degrees. The outside temperature was about 32 degrees. Murray had a cold. He asked Novak for a coat. Novak told Murray to see his block lieutenant for the issuance of clothing.

884

Murray received a coat about six weeks later.

■ Murray claims damages because Novak subjected him to cruel and unusual punishment. 42 U.S.C. § 1983 (1982). The issue is whether Novak's conduct inflicted unnecessary and wanton pain. An infliction totally without penological justification is unnecessary and wanton. Under contemporary standards, a deprivation of "the minimal civilized measure of life's necessities" is forbidden. *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

■ The case is close. On the one hand, Lt. Novak confiscated the vest, knowing that coats are not always available for distribution to inmates. He took the vest from a cold man without facilitating a substitute. On the other hand, it is a legitimate penological practice to issue uniquely identifying garments to prisoners in certain locations, for purposes of keeping track of who belongs where. Lt. Novak followed a reasonable prison practice in confiscating a kitchen vest from a prisoner who did not work in the kitchen.

After a bench trial, I find that Novak did not inflict unnecessary and wanton pain in confiscating the kitchen vest. Murray was not entitled to wear one, under prison practices which are reasonable from a penological standpoint. The Inmate Handbook provides that inmates may not trade clothing, that unauthorized clothing will be confiscated and that contraband includes property of other persons. While a six-week delay in getting a coat is too long, a prisoner with a cold could stay indoors where the pants and shirt he was wearing did not fall below the minimum clothing necessary in 65 degree temperature. Ultimately, this case is more about control than clothing. The loss of automony, the insult of having a vest taken away are hurts flowing from the meanness of prison life itself. That is, taking away the vest is more a consequence of controlling 2500 inmates in a prison than a deprivation of necessary warm clothing in a cold winter.

ORDER

AND NOW, this 20th day of October, 1986, Judgment is hereby entered in favor of defendant and against the plaintiff.