**Lamont C. BULLOCK, Petitioner,**

v.

**Commissioner Martin F. HORN and Superintendent Frederick Franks, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 1998.

Decided Nov. 17, 1998.

Lamont C. Bullock, petitioner, pro se.

Jill C. Fluck, Camp Hill, for respondent.

Before BERNARD L. McGINLEY, J., DORIS A. SMITH, J., and JOSEPH F. McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Presently before this Court are the preliminary objections in the nature of a demurrer filed by Martin Horn, Commissioner of the Pennsylvania Department of Corrections, and Frederick Franks, Superintendent of the

State Correctional Institution at Huntingdon (SCI Huntingdon)[1] in response to a *pro se* petition for review filed by Lamont C. Bullock (Petitioner), seeking declaratory and/or injunctive relief. We hereby grant Respondents' demurrer.

Petitioner, an inmate SCI Huntingdon, commenced the instant action on December 26, 1997, by filing a petition for review in this Court's original jurisdiction. The petition for review asserts that Respondents have a policy and practice of denying Petitioner adequate clothing to exercise during winter months while he is incarcerated in the Restricted Housing Unit (RHU).[2] Petitioner asserts that such denial amounts to a violation of his state statutory right to one hour of outdoor exercise.[3] The petition for review also asserts that Respondents have instituted a discriminatory exercise policy by denying Petitioner access to basketballs, handballs and/or weight machines, while allowing other RHU prisoners access to the same.

Petitioner seeks a declaration that he has a right to adequate clothing to allow him to participate in outdoor exercise during the winter months and that Respondents are required to provide such clothing.[4] Petitioner also seeks injunctive relief in the form of an order requiring Respondents to allow him to lift weights and participate in basketball and handball games with other inmates.

▮▮▮ In response to Petitioner's petition for review, Respondents filed preliminary objections in the nature of a demurrer.[5] Respondents' demurrer avers that they enjoy sovereign and official immunity from suits seeking declaratory and/or injunctive relief. Respondents' demurrer also avers that a prisoner is not entitled to the clothing of his choice in prison and that Petitioner's reliance on DC–ADM 811 is misplaced. Respondents aver that RHU prisoners pose increased security risks and that courts should give deference to prison officials in such situations when no constitutional rights are implicated. Further, Respondents' demurrer avers that Petitioner's claim of discrimination does not state a claim for denial of equal protection.

With respect to the issue of sovereign immunity, the General Assembly has provided that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310. The General Assembly has specifically waived the immunity in nine situations under 42 Pa.C.S. § 8522(b).

▮▮▮ Respondents allege that they enjoy such immunity because a suit for declaratory and injunctive relief is not one of the nine exceptions to immunity provided in 42 Pa. C.S. § 8522(b). However, these immunity exceptions only apply to actions "against Commonwealth parties, for damages arising out of a negligent act" and are not applicable in the present factual situation. 42 Pa.C.S. § 8522(a). Moreover, immunity was not in-

---

1. Mr. Horn and Mr. Franks will hereafter be collectively referred to as Respondents.

2. Specifically, Petitioner asserts that Respondents do not provide a winter jumpsuit, shoes or boots, and instead, only provide thin, canvas footwear with no insulation. Petitioner asserts that a directive of the Department of Corrections, DC–ADM 811, clearly mandates shoes or boots.

3. A prisoner is generally entitled to two hours of outdoor exercise, weather permitting. However, prisoners in segregation or disciplinary status are only entitled to one hour of exercise. *See* Act of June 14, 1923, P.L. 775, *as amended*, 61 P.S. § 101. With respect to this issue, Petitioner also asserts that the Respondent's policy of refusing to allow RHU prisoners to retain coats and gloves in their cells and requiring RHU prisoners to carry their coats and gloves outside while handcuffed and to remove the same prior to re-entry into the prison, amounts to a violation of this section.

4. Specifically, Petitioner seeks a declaration requiring Respondents to supply him with "state brown boots, winter jumpsuits, long underwear, sweaters, wool coats and winter gloves." Petition for Review, Paragraph 18.

5. In ruling upon preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom. *Myers v. Ridge*, 712 A.2d 791 (Pa.Cmwlth. 1998). The question presented by a demurrer is whether, on the facts alleged, the law says with certainty that no recovery is possible. *See Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (Pa.Cmwlth.1993).

tended as a shield for Commonwealth officials against alleged violations of constitutional and/or statutory rights. *See Wilder v. Department of Corrections,* 673 A.2d 30 (Pa. Cmwlth.1996), *petition for allowance of appeal denied,* 545 Pa. 673, 681 A.2d 1344 (1996). Thus, Respondents do not enjoy immunity from the present suit.

■ With respect to the issue of adequate clothing, a prisoner certainly is not entitled to the clothing of his choice in prison. The Eighth Amendment to the Constitution of the United States has been interpreted such that a prisoner is only entitled to adequate food, clothing, shelter, sanitation, medical care and personal safety. *Hoptowit v. Ray,* 682 F.2d 1237 (9th Cir.1982). The United States Supreme Court has defined these items as the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). If, however, the clothing provided to a prisoner is insufficient to protect him from the elements, a constitutional violation could occur. *Knop v. Johnson,* 667 F.Supp. 467 (W.D.Mich.1987).

■ In the instant case, Petitioner does not dispute that he receives a coat, hat, footwear and gloves when he goes outside during the winter months. Nevertheless, Petitioner seeks a declaration from this Court requiring Respondents to supply him with additional pieces of winter clothing. We refuse to issue such a declaration, as we believe that Petitioner receives adequate clothing in accordance with the Eighth Amendment and we see no violation of Petitioner's constitutional rights.[6]

■ With respect to the issue regarding coats and gloves, there is a legitimate penological interest in withholding clothing from an inmate for security reasons. *See Murray v. Novak,* 645 F.Supp. 883 (E.D.Pa. 1986). The RHU is generally used to house prisoners who are assaultive or otherwise dangerous, or who would be in danger themselves if mixed with the general prison population. *See Griffin v. Vaughn,* 112 F.3d 703

(3d Cir.1997). Prison officials must be accorded great deference regarding the adoption and execution of policies and practices that in their judgment are necessary to preserve internal order and maintain institutional security. *Robson v. Biester,* 53 Pa. Cmwlth. 587, 420 A.2d 9 (Pa.Cmwlth.1980). Thus, we refuse to disturb Respondents' policy regarding coats and gloves.

■ We now turn our attention to Petitioner's assertion that Respondents have instituted a discriminatory exercise policy by denying him access to basketballs, handballs and/or weight machines, while allowing other RHU prisoners access to the same. Petitioner asserts that such a discriminatory policy violates his right to equal protection of the laws as granted by the Fourteenth Amendment to the Constitution of the United States.

The Equal Protection Clause of the Fourteenth Amendment forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." In order to properly state an equal protection claim, a plaintiff must allege that he is receiving different treatment from that received by other similarly situated persons. *Myers.* A plaintiff must also show intentional discrimination because of membership in a particular class, not merely that he was treated unfairly as an individual. *Id.* Moreover, assertions of intentional disparate treatment must be supported by specific factual allegations and conclusory contentions of constitutional violations without factual support do not establish a constitutional deprivation sufficient to withstand a demurrer. *Williams v. Patton,* 410 F.Supp. 1 (E.D.Pa.1976).

In the present case, Petitioner has not alleged any facts that would tend to support his claim for a violation of equal protection. Petitioner merely asserts that he has been treated unfairly as he has been denied access to basketballs, handballs and/or weight machines. Petitioner has failed to supply any further specific factual allegations that would constitute a violation of equal protection.

---

**6.** Furthermore, Petitioner's reliance on DC–ADM 811 as creating a right to boots is misplaced. Administrative regulations or policies do not create rights in inmates. *See Commonwealth ex rel. Buehl v. Price,* 705 A.2d 933 (Pa.Cmwlth.1997).

Hence, we must grant Respondents' preliminary objections in the nature of a demurrer.

Accordingly, Petitioner's petition for review is dismissed.

### ORDER

AND NOW, this 17th day of November, 1998, upon consideration of the preliminary objections filed by Commissioner Martin Horn and Superintendent Frederick Franks, said preliminary objections are granted and the petition for review filed by Lamont C. Bullock is dismissed.

Judge SMITH dissents.