IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Stockton,                             :
                 Petitioner   :
                                         :
           v.                 :       No. 342 M.D. 2023
                                         :       Submitted: November 7, 2024
Secretary of Corrections- Laurel             :
Harry, Former Secretary - George             :
Little, Deputy Secretary-Robert              :
Marsh, Superintendent- T. McGinley,          :
Superintendent-R. Irwin, Deputy -            :
I. Gustafson, Deputy - M. Blicha,            :
Major Deal, Captain Kundick,                 :
Lt. Walker, Sgt. Lesko, Lt. Tanner,          :
C.O. Mowry, C.O. Fabiano, C.O.               :
Anderson, C.O. Smith, C.O. Moore,            :
C.O. Hines, C.O. Morres, and                 :
Librarian - Mrs. J. Winters,                 :
               Respondents  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT          FILED:  January 30, 2025

Ronald Stockton, *pro se*, has filed a petition for review addressed to this Court's original jurisdiction against the Secretary of Corrections-Laurel Harry, Former Secretary-George Little, Deputy Secretary-Robert Marsh, Superintendent-T. McGinley, Superintendent-R. Irwin, Deputy-I. Gustafson, Deputy-M. Blicha, Major Deal, Captain Kundick, Lt. Walker, Sgt. Lesko, Lt. Tanner, C.O. Mowry, C.O. Fabiano, C.O. Anderson, C.O. Smith, C.O. Moore, C.O. Hines, C.O. Morres, and Librarian-Mrs. J. Winters (collectively, Department Officers) for their alleged

improper conduct, including retaliation, tampering with his prison records, denying him access to the courts, sexual harassment, and tampering with his legal mail. Stockton seeks declaratory and injunctive relief to have each Department Officer reprimanded, suspended without pay, and terminated. He also seeks monetary damages and a transfer to another prison. We dismiss Stockton's petition and grant him leave to file an amended petition for review within 45 days.

Before the Court are Department Officers' preliminary objections that consist of a demurrer, lack of jurisdiction, and misjoinder of actions.

Stockton, an inmate currently incarcerated at the State Correctional Institution (SCI)-Forest, alleges that on February 14, 2023, he was scheduled to be deposed by counsel for the Department of Corrections by video conference in connection with federal litigation. Petition ¶1. When no one came to escort him to the video conference, he contacted Mrs. Biel, who advised him that she was "not involved with video conferences." *Id*. ¶2, Exhibit A. Thereafter, on February 22, 2023, Stockton learned in a phone conference with the federal court that it believed that he had refused to appear at the video conference. Petition ¶3. Stockton informed the court that he would like the video of his cell from the day of the deposition to disprove this claim. *Id*. The federal court ordered production of the cell video. *Id*.

Thereafter, the petition alleges that the Department of Corrections "began to sing a different tune[.]" Petition ¶5. Lt. Walker executed an affidavit stating that Corrections Officer (C.O.) Mohney had "called over" the intercom system to Stockton, but he refused to attend the video conference. *Id*. However, C.O. Mohney's "completed form" stated only that "[inmate] would not acknowledge to go to the teleconference[.]" Petition ¶6. Stockton notes that a video conference, not teleconference, was scheduled for February 14, 2023. A teleconference in his

2

federal case was not scheduled until February 22, 2023. The petition alleges that after Stockton informed the federal court of the real reason he did not appear at the video deposition, the Department altered its records.

C.O. Mohney "prepared [] an excuse" for not taking Stockton to the video conference. Petition ¶7. Specifically, Mohney put in a work order to have Stockton's in-cell communication system fixed, but there was nothing wrong with the intercom. *Id*. Stockton alleges that the work order shows that Lt. Walker and C.O. Mohney fabricated their affidavits. Lt. Walker admitted to an ongoing practice of prisoners being sprayed with Oleoresin Capsicum (OC or pepper spray) when unresponsive. *Id*. ¶8.

After Stockton received the affidavits of Lt. Walker and C.O. Mohney, and the altered report for February 14, 2023, he filed a grievance, which was rejected because he was still on restriction. Petition ¶9. The rejection stated that "grievance does not indicate that [Stockton was] personally affected by a Department or Facility action or policy." *Id*. ¶10. However, the petition alleges that the false statements of Lt. Walker and C.O. Mohney submitted to the federal court caused Stockton's lawsuit to be dismissed. *Id*. ¶12.

The petition alleges that this is not the first time that Department Officers have caused Stockton to miss a scheduled court proceeding. On September 28, 2022, Lt. Walker and C.O. Mohney directed staff to escort Stockton from his cell too late, which caused him to miss a pretrial conference in another federal case. *Id*. ¶4.

The petition contains allegations about the other named Respondents. Sgt. Lesko broke Stockton's typewriter. Petition ¶13. Deputy Secretary Marsh, Superintendent Irwin, Deputy Gustafson, Deputy Blicha, Major Deal, Lt. Walker,

3

Lt. Tanner and Sgt. Lesko have issued threats to Stockton. *Id.*, Exhibit E. On or about December 19, 2022, Superintendent Irwin stated that he would "try the torture calls, [we have] been destroying his property little by little, Walker has made sure he did not make it to his pre[-]trial conference on time on 9-28-22, and [his] office patched the call through without him present so he could not tell the court he didn't have any property." Petition, Exhibit E at 1. Superintendent Irwin added that "we will utilize a little OC and the ta[s]er." *Id.* On December 22, 2022, Stockton was sprayed, tased, and had his property taken. *Id.*

Sgt. Lesko and Lt. Turner authorized correctional officers to put their hands on Stockton without first notifying the shift commander, as is required. Petition ¶14. Then, after the use of force, the two did not have Stockton medically assessed, falsely stating that Stockton "snapped out" over a bottle of barbecue sauce. *Id.* SCI-Coal Township forced Stockton to sign a cash slip in the amount of $129 to ship property (5 boxes) on September 19, 2022, but it did not allow him to have those boxes after he arrived at the other correctional facility. *Id.* ¶15.

The petition alleges that after Stockton complained about his legal mail being opened outside his presence, C.O. Fabiano delivered his opened legal mail; wrapped it up; and punched him in the testicles. C.O. Anderson remarked: "I bet [] he won't file no more paperwork." Petition ¶17. C.O. Hines, Nurse Best, Sergeant Fredrickson, C.O. Anderson and an unnamed correctional officer refused to report this assault. *Id.* ¶18.

C.O. Moore entered Stockton's cell, did a search, and then placed a legal text on the toilet and stated that if Stockton "wanted the conduct to stop [he] would stop filing paperwork and court actions." Petition ¶19. C.O. Smith wrote

4

Stockton up because he tried to report a Prison Rape Elimination Act[1] (PREA) claim against C.O. Smith. *Id*. ¶20. C.O. Morres falsified documents after Stockton reported him for abuse. C.O. Mowry falsely reported that Stockton refused to return a tray to cover Mowry's tampering with legal documents. *Id*. ¶21.

Stockton attempts to state a Section 1983[2] claim against Department Officers for alleged constitutional, statutory, and internal regulation violations. Specifically, the petition asserts:

1. Conspiracy to retaliate, to deprive [Stockton] of access to the court, which includes but is not limited to deprivation of property, assault, defamation of character, [and] denial of standard due care;

2. Tampering with public records and information to defame character and deprival of access to the court in or to conspire to retaliate against [Stockton] for filing grievances, PR[E]A's, and complaints, that was ongoing and deprived [Stockton] of access to the court;

3. That the acts committed were not for the good of [the Department of Corrections] and violates multiple sections of the Code of Ethics;

4. Sexual harassment; [and]

5. Tampering with legal mail and removing documents.

Petition at 2-3.

The petition seeks monetary damages, as well as declaratory and injunctive relief. It seeks to have Stockton's record expunged from SCI-Coal

---

[1] 34 U.S.C. §§30301-30309. The Department of Corrections has a policy, implementing the federal PREA standards to ensure that all aspects of operations work towards preventing, detecting, and responding to such conduct, resulting in a safer environment. *See* https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/008%20Prison%20Rape%20Elimination%20Act%20(PREA).pdf (last visited January 30, 2025).

[2] 42 U.S.C. §1983.

Township and SCI-Forest; for Lt. Walker, C.O. Mohney,[3] and C.O. Fabiano to be reprimanded, suspended without pay, and terminated; that the remaining Department Officers be similarly disciplined; and that Stockton be transferred to another prison.

Department Officers have filed preliminary objections to Stockton's petition for review pursuant to Pa.R.Civ.P. 1028.[4]  First,[5] they assert that the alleged Code of Ethics violation does not state a claim because the Code is not enforceable by inmates.  Second, they assert that the pleading does not allege that Librarian Winters, Secretary Harry, Former Secretary Little, Deputy Secretary Marsh, Superintendent McGinley and Superintendent Irwin had any personal involvement in any of the matters set forth in the pleading.  Third, they contend that the pleading improperly joins numerous and disparate causes of action against 20 respondents in a single suit that do not relate to a common event or activity.  Fourth, they assert that

---

[3] C.O. Mohney is not a named respondent.

[4] Rule 1028(a) states:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> > (1)     lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
> >
> > (2)     failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
> >
> > (3)     insufficient specificity in a pleading;
> >
> > (4)     legal insufficiency of a pleading (demurrer);
> >
> > (5)     lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;
> >
> > (6)     pendency of a prior action or agreement for alternative dispute resolution;
> >
> > (7)     failure to exercise or exhaust a statutory remedy; and
> >
> > (8)     full, complete and adequate non-statutory remedy at law.

Pa.R.Civ.P. 1028(a).

[5] For purposes of this opinion, we have reordered Department Officers' preliminary objections.

this Court lacks jurisdiction over Superintendent McGinley, Superintendent Irwin, Deputy Gustafson, Deputy Blicha, Major Deal, Captain Kundick, Lt. Walker, Sgt. Lesko, Lt. Tanner, C.O. Mowry, C.O. Fabiano, C.O. Anderson, C.O. Smith, C.O. Moore, C.O. Hines, C.O. Morres, and Librarian Winters because they are not statewide officers. Fifth, they assert that the Eighth Amendment[6] claim is legally insufficient because it does not specify the alleged sexual harassment conduct. Likewise, the vague references to "constant threats" and correctional officers "putting hands" on Stockton do not state a claim. Sixth, they assert that the Eighth Amendment claim is legally insufficient because "constant threats," "putting hands" on Stockton, and "attacks" are too vague to establish excessive force. Seventh, they assert that the "deprivation of property" claim is barred by sovereign immunity. Eighth, they assert that the First Amendment[7] access to court claim is legally insufficient because the petition does not allege that a legal action has been rejected as a result of the withholding or destruction of legal materials. Ninth, they assert that the First Amendment retaliation claim is legally insufficient because the petition does not allege that retaliation was linked to Stockton's litigation or the exercise of any other constitutional rights. Tenth, they assert that the First Amendment claim is legally insufficient because one instance of opening mail outside Stockton's presence does not rise to the level of a constitutional violation. Finally, they assert that the defamation claim is legally insufficient because Department Officers are

---

[6] U.S. CONST. amend. VIII. It states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *Id*.

[7] U.S. CONST. amend. I. It states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *Id*.

entitled to sovereign immunity for any intentional conduct, including defamation, that falls within the scope of their duties.

In a preliminary objection in the nature of a demurrer, all well-pleaded material facts and any inferences reasonably deduced therefrom are deemed true. *Reider v. Bureau of Correction*, 502 A.2d 272, 273 (Pa. Cmwlth. 1985). If a fair reading of the petition for review shows that the complainant has pled facts that are sufficient to state a claim for relief, the demurrer will be overruled. *Id.* A demurrer should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. *Sweatt v. Department of Corrections*, 769 A.2d 574, 577 (Pa. Cmwlth. 2001).

First, Department Officers argue that the petition's allegation that institutional staff "failed to follow [prison] regulations or internal policies" cannot support a claim. Administrative rules and regulations, unlike statutory provisions, usually "do not create rights in prison inmates." Department Officers Preliminary Objections ¶82 (quoting *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998)). Therefore, the petition does not state a claim. Stockton responds that Department Officers took an oath to uphold a Code of Ethics, which they breached.

A failure to comply with prison policy, such as the Code of Ethics, does not state a cognizable legal claim. *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). Simply, administrative policies do "not create any enforceable rights in a Pennsylvania state prison inmate." *Weaver v. Department of Corrections*, 829 A.2d 750, 753 (Pa. Cmwlth. 2003). The Department's Code of Ethics is not enforceable by inmates. *See Shore*, 168 A.3d at

8

386. Therefore, this legal claim in the petition must be dismissed. We sustain this demurrer of Department Officers with prejudice.[8]

Second, Department Officers argue that the petition does not allege that Librarian Winters, Secretary Harry, Former Secretary Little, Deputy Secretary Marsh, Superintendent McGinley and Superintendent Irwin were personally involved in the actions recited in the petition. Supervisory officials are not vicariously liable for the actions of subordinates in the chain of command. Further, the supervisors' investigation of correctional officers does not constitute personal involvement.

Stockton responds that Exhibits E and H to the petition show the personal involvement of Deputy Secretary Marsh, Superintendent McGinley and Superintendent Irwin in the matters alleged in the petition. Stockton Brief at 10. Secretary Harry and Former Secretary Little were put on notice of the false statements submitted by Lt. Walker and C.O. Mohney to the court and of Walker and Mohney's alteration of Department forms. Further, Stockton states that he notified Superintendent McGinley, Superintendent Irwin, Deputy Secretary Marsh, Former Secretary Little and Secretary Harry that his legal mail was being opened outside of his presence. Stockton's Brief does not mention Librarian Winters.

"[P]ersonal liability under Section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. It is also well settled . . . that personal involvement of [Department Officers] in alleged constitutional deprivations is a requirement in a [Section] 1983 case and that a [petition for review] must allege such personal involvement." *Talbert v. Commonwealth* (Pa. Cmwlth., No. 543 M.D.

---

[8] Any amendment to the petition regarding this claim would be a futile exercise.

2023, filed November 6, 2024) (unreported),[9] slip op. at 12 (quoting *Shick v. Wetzel* (Pa. Cmwlth., No. 583 M.D. 2016, filed September 10, 2018) (unreported), slip op. at 4-5). Where a pleading does not allege personal knowledge or involvement of the respondents beyond grievance review, the petition does not state a claim upon which relief can be granted. *Curtician v. Wetzel* (Pa. Cmwlth., No. 785 M.D. 2018, filed January 15, 2020) (unreported).

The petition does not allege personal knowledge or involvement by Librarian Winters, Secretary Harry, Former Secretary Little, Deputy Secretary Marsh, Superintendent McGinley and Superintendent Irwin in the alleged violations. Exhibits E and F are copies of two grievances that Stockton filed. Exhibit E concerns his having been sprayed with pepper spray and tased and having been deprived of all his property. In that grievance, Stockton reported a conversation he overheard indicating that Superintendent Irwin was aware that Stockton's property had been destroyed and that Lt. Walker caused Stockton to be late to a pre-trial conference. That Superintendent Irwin and Deputy Secretary Marsh may have heard of the actions taken by prison staff against Stockton fall far short of alleging their personal involvement.

Exhibit F concerns Stockton's allegation of abuse that he carbon-copied to the Secretary and Deputy Secretary, but their review of a grievance does not establish participation. *See Rawlings v. Wetzel* (Pa. Cmwlth., No. 562 M.D. 2016, filed October 20, 2017) (unreported), slip op. at 9. *See also Martin v. Giroux* (Pa. Cmwlth., No. 1934 C.D. 2016, filed May 26, 2017) (unreported), slip op. at 8 ("[P]articipation in the after-the-fact review of a grievance or appeal is not enough

---

[9] An unreported memorandum opinion of this Court may be cited for its "persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

to establish personal involvement for purposes of [Section]1983."); *Simonton v. Tennis*, 437 Fed. App'x. 60, 62 (3d Cir. 2011) ("bare allegation of 'rubber stamping'" or an official's secondary review of inmate's grievance or appeal does not "establish a cognizable constitutional violation").

For these reasons, we sustain the Department Officers' demurrer and dismiss the claims against Librarian Winters, Secretary Harry, Former Secretary Little, Deputy Secretary Marsh, Superintendent McGinley and Superintendent Irwin, with prejudice.

Third, Department Officers filed a preliminary objection under Pennsylvania Rule of Civil Procedure 1028(a)(5),[10] asserting that Stockton's pleading improperly combines a variety of claims into undifferentiated counts. It cannot be discerned which allegation or which alleged legal wrong applies to which respondents. They request that the petition for review be dismissed. Stockton responds that Department Officers engaged in an ongoing conspiracy of retaliation that led to dismissal of several of his legal actions. Exhibits E and F to his petition demonstrate a common pattern of misconduct.

Rule 1028(a)(5) of the Pennsylvania Rules of Civil Procedure permits any party to file preliminary objections based upon the misjoinder of a cause of action. However, the Rules of Civil Procedure allow a petitioner to file more than

---

[10] Pa.R.Civ.P. 1028(a)(5). It states:

> (a)      Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> . . . .
>
>> (5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action[.]

*Id*.

11

one cause of action against the same respondent. Pa.R.Civ.P. 1020(a).[11] Nevertheless, each claim "must be presented in a self-sufficient separate count, which includes averments of facts pertaining to the particular claim and relief sought." *Commonwealth v. Parisi*, 873 A.2d 3, 9 (Pa. Cmwlth. 2005). In *Parisi*, the Attorney General filed a complaint under the Unfair Trade Practices and Consumer Protection Law,[12] the Truth in Lending Act,[13] and Regulation Z[14] against numerous defendants. The complaint arose out of the construction, sale, and mortgages for new homes. Lisa Marie Gibson, d/b/a Lisa Marie's Appraisal Services, Stanley Cheslock, Kathleen Spitzfaden, NEPA Appraisal Services, and Jenny Centrella preliminarily objected. Jenny Centrella demurred to Count I of the complaint, which contained no allegations about her. This Court sustained her preliminary objection:

> Our thorough review of Count I confirms that not one of the appraisals complained of were performed by Centrella. Although the Commonwealth argues that Centrella was a critical party to the remaining [d]efendants' scheme and that Count I serves to establish how all [the d]efendants interacted with one another, we cannot ignore the simple fact that the Commonwealth has not alleged any illegal activity on Centrella's part in Count I. In order to be held accountable for the accusations contained in Count I, it must be alleged that Centrella participated in those actions.

> The Rules of Civil Procedure allow a plaintiff to file more than one cause of action against the same defendant. Pa.R.[Civ].P. []

---

[11] Pa.R.Civ.P. 1020(a). It states:

> (a)     Pleading More Than One Cause of Action. *The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant.* Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

*Id*. (emphasis added).

[12] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§201-1-201-10.

[13] 15 U.S.C. §§1610-1693r.

[14] 12 C.F.R. §§226.1-226.59.

> 1020. Each claim, however, must be presented in a self-sufficient separate count, which includes averments of facts pertaining to the particular claim and relief sought[.]
>
> Thus, contrary to the Commonwealth's assertions, the averments in Count II do not suffice to maintain a cause of action against Centrella in Count I. To require Centrella to answer the allegations of Count I, which does not allege any wrongdoing on her part, severely prejudices her ability to defend the action.

*Parisi*, 873 A.2d at 9. In other words, the allegations set forth in Count II could not be used to sustain Count I.

> Here, Stockton's stated claims follow:
>
> 1) conspiracy to retaliate to deprive [Stockton] of access to the court, which includes but is not limited to deprivation of property, assault, defamation of character, [and] denial of standard due care; 2) tampering with public records and information to defame character and denial of access to the court in order to conspire to retaliate against [Stockton] for filing grievances, PREA's, and complaints, that was ongoing and deprived [Stockton] of access to the court; 3) that the acts committed were not for the good of [Department Officers'] employer and violates multiple sections of the Code of Ethics; 4) sexual harassment; [and] 5) tampering with legal mail and removing documents.

Petition at 2-3. As explained above, Rule 1020(a) requires each claim to be presented in a self-sufficient separate count, and each count must be supported by well-pleaded allegations relevant to that count. Stockton's petition does not come close. It is a jumble of complaints about 20 malefactors. It does not set forth in separate counts the particular respondent, when and where the illegal act took place, and why Stockton is entitled to relief. Accordingly, we sustain Department Officers'

13

preliminary objection raising the misjoinder of a cause of action pursuant to Pa.R.Civ.P. 1028(a)(5).[15]

In sum, we sustain Department Officers' preliminary objections, in part, and dismiss Stockton's petition without prejudice to file an amended petition within 45 days, except as to the claims that Department Officers breached the Department's Code of Ethics and any claims against Librarian Winters, Secretary Harry, Former Secretary Little, Deputy Secretary Marsh, Superintendent McGinley and Superintendent Irwin, which are dismissed with prejudice.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[15] Because we find that the petition for review does not comply with Pa.R.Civ.P. 1028(a)(5), the Department Officers' remaining objections are dismissed as moot.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Stockton,
                Petitioner

        v.

Secretary of Corrections- Laurel
Harry, Former Secretary - George
Little, Deputy Secretary-Robert
Marsh, Superintendent- T. McGinley,
Superintendent-R. Irwin, Deputy -
I. Gustafson, Deputy - M. Blicha,
Major Deal, Captain Kundick,
Lt. Walker, Sgt. Lesko, Lt. Tanner,
C.O. Mowry, C.O. Fabiano, C.O.
Anderson, C.O. Smith, C.O. Moore,
C.O. Hines, C.O. Morres, and
Librarian - Mrs. J. Winters,
                Respondents

No. 342 M.D. 2023

# **O R D E R**

AND NOW, this 30th day of January, 2025, the petition for review filed by Ronald Stockton in this court's original jurisdiction is dismissed, and Stockton may file an amended petition for review within 45 days of the date of this Order as set forth in the attached opinion.

_____
MARY HANNAH LEAVITT, President Judge Emerita