IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner #DL4686 a/k/a : 
Alton D. Brown, : 
              Petitioner : 
 : 
      v. :   No. 99 M.D. 2022
 :   Submitted: February 4, 2025
 : 
George M. Little, Secretary of : 
the Pa. DOC and Z.J. Moslak, : 
            Respondents : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT        FILED: March 19, 2024

      Political Prisoner #DL4686 a/k/a Alton D. Brown (Brown), an inmate incarcerated at the State Correctional Institution at Fayette, has filed a petition for review in the nature of a mandamus and declaratory judgment action against the Secretary of Corrections, George M. Little, and the Chief Hearing Examiner for the Department of Corrections (Department), Zachery J. Moslak (collectively, Respondents). Brown asserts, *inter alia*, that three disciplinary proceedings brought against him did not conform to due process. Respondents contend that Brown cannot prevail on his due process claim because, in each disciplinary hearing, he received notice of the misconduct and an opportunity to be heard. Given the absence of a factual dispute on whether the hearings on the three misconducts provided notice and an opportunity to be heard, Respondents request this Court to grant summary relief in their favor. Upon review, we grant Respondents' application.

Brown's petition for review alleges that since 1997, he has been placed in solitary confinement in the Department's restrictive housing units. To justify Brown's solitary confinement, the petition alleges that Respondents have adopted a practice of disciplining Brown for his emotional breakdowns caused by his chronic depression and anxiety. The petition alleges that Brown's "outbursts were a result of his emotional disabilities, which were intentionally aggravated[.]" Petition at 3-4, ¶10. More specifically, the petition challenges the Department's handling of three misconduct reports. Misconduct #D468367 concerned Brown's alleged threat to a correctional officer. Petition at 7, ¶16. Misconduct #D468380 concerned Brown's alleged sexual assault and use of abusive language. Petition at 5, ¶12. Misconduct #D403446 concerned Brown's alleged outbursts directed to a nurse. Petition at 3-4, ¶10.

Brown's petition requests this Court to enter a declaratory judgment that Respondents have violated the Department's regulations and internal policies; to order a reversal of misconduct determinations; and to order the removal of the misconducts from Brown's records. Petition at 15-16.

Respondents filed preliminary objections to the petition. This Court sustained the demurrer to Brown's First Amendment[1] retaliation and mandamus claims but overruled the due process demurrer.

Thereafter, Respondents filed an answer, with new matter, to the petition. In new matter, Respondents averred, in relevant part, as follows:

---

[1] U.S. CONST. amend. I. It states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *Id*.

14. [Brown] received notice of misconduct #D403446 when he was given a copy of the misconduct on January 16, 2022. Exhibit A, p. 1.

15. [Brown] had an opportunity to be heard but waived his right to a hearing on January 19, 2022. Exhibit A, p. 2.

16. [Brown] did not have a liberty interest at stake where he received only 45 days of disciplinary custody. Exhibit A, p. 3.

17. [Brown] did not appeal this misconduct.

18. [Brown] received notice of misconduct #D468367 when he was given a copy of the misconduct on August 2, 2021. Exhibit B, p. 1.

19. [Brown] had an opportunity to be heard by submitting his written version of events. Exhibit B, p. 2.

20. [Brown] did not have a liberty interest at stake where he received only 30 days of disciplinary custody. Exhibit B, p. 3.

21. [Brown] failed to properly appeal this misconduct to the Chief Hearing Examiner's Office by not including all necessary supporting documents with the appeal in one envelope and using the correct form. Exhibit D.

22. [Brown] was given an opportunity to correct his appeal but chose not to do so. Exhibit D.

23. [Brown] received notice of misconduct #D468380 when he was given a copy of the misconduct on August 31, 2021. Exhibit C, p. 1.

24. [Brown] had an opportunity to be heard by submitting his written version of events. Exhibit C, p. 2.

25. [Brown] did not have a liberty interest at stake where he received only 60 days of disciplinary custody. Exhibit C, p. 3.

26. [Brown] failed to properly appeal this misconduct to the Chief Hearing Examiner's Office by not including all necessary supporting documents with the appeal in one envelope and using the correct form. Exhibit D.

27. [Brown] was given an opportunity to correct his appeal but chose not to do so. Exhibit D.

3

Respondents' New Matter, ¶¶14-27. Brown did not file a response to Respondents' new matter.

Respondents have filed an application for summary relief or, in the alternative, judgment on the pleadings. They argue that they have a clear right to summary relief on Brown's procedural due process claims. Brown has admitted the facts pled in the new matter; those admissions and the exhibits attached to the pleadings establish that no facts are in dispute.

Respondents argue, first, that the petition does not allege that each Respondent was personally involved in the matters raised in Brown's petition, and supervisory officials cannot be held vicariously liable for the actions of their subordinates. Neither Secretary Little nor Moslak conducted the misconduct hearings. Their involvement was limited to the two misconduct appeals attempted by Brown, but the decisions on those appeals have not been challenged in Brown's petition for review.

Next, Respondents contend that Brown cannot base his due process claim on the Department's inmate discipline policy because that "policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual." DC-ADM 801, Inmate Discipline Policy, available at: https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/801-inmate-discipline.pdf (last visited March 18, 2025). *See Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750 (Pa. Cmwlth. 2003). Likewise, the Department's regulations do not confer rights upon inmates.

Finally, Respondents argue Brown cannot raise a due process claim under the United States Constitution because the discipline imposed did not affect his liberty interest. Brown's disciplinary custody ranged from 30 to 60 days of

4

administrative segregation, which did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. There is no due process right to be housed in the general population. Because the discipline imposed did not affect Brown's liberty interest, the petition does not raise a cognizable constitutional due process claim.

Alternatively, Respondents argue that they are entitled to judgment on the pleadings. The undisputed facts show that Brown was provided notice of the misconducts and had an opportunity to be heard. Brown appealed two of the misconducts, but they were defective in form and content. Although given the opportunity to correct the appeals, Brown chose not to do so.

Brown responds that the statements Respondents rely upon in support of their application for summary relief are "mere denials to the averrments [sic] contained in the PETITION." Brown Brief at 2. For that reason, Brown contends that he did not have to file an answer to Respondents' new matter, and Respondents are not permitted to draw a negative inference from his failure to file a reply to the new matter or "reargue the issues regarding whether or not the punishment[] constitutes an atypical and significant hardship." *Id.* Further, Brown responds that *pro se* litigants are to be held to a less stringent standard. Finally, he incorporates the exhibits attached to his brief in opposition to Respondents' preliminary objections.

Pennsylvania Rule of Appellate Procedure 1532(b) provides that "[a]t any time after the filing of a petition for review in an . . . original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "An application for summary relief is properly evaluated according to the standards for summary judgment." *Myers v. Commonwealth*, 128

A.3d 846, 849 (Pa. Cmwlth. 2015). In ruling on an application for summary relief, we must view the evidence in the light most favorable to the non-moving party and may enter judgment only if: (1) there are no genuine issues of material fact; and (2) the right to relief is clear as a matter of law. *Northwestern Youth Services, Inc. v. Department of Public Welfare*, 1 A.3d 988, 990 n.1 (Pa. Cmwlth. 2010). "The record, for purposes of [a] motion for summary relief, is the same as [the] record for purposes of a motion for summary judgment." *Summit School, Inc. v. Department of Education*, 108 A.3d 192, 195 (Pa. Cmwlth. 2015). The record for a motion for summary judgment includes any

> (1) pleadings,
>
> (2) depositions, answers to interrogatories, admissions and affidavits, and
>
> (3) reports signed by an expert witness that would, if filed, comply with Rule 4003.5(a)(1), whether or not the reports have been produced in response to interrogatories.

Pa.R.Civ.P. 1035.1. Therefore, in "ruling on a motion for summary judgment, a court must consider not only the pleadings but other documents of record, such as exhibits." *Borough of Bedford v. Department of Environmental Protection*, 972 A.2d 53, 60 n.6 (Pa. Cmwlth. 2009) (quotation omitted).[2]

The Pennsylvania Rules of Civil Procedure require that a "responsive pleading shall admit or deny each averment of fact . . . ." Pa.R.Civ.P. 1029(a).

---

[2] An application for relief that seeks judgment on the pleadings is treated as a motion for judgment on the pleadings under Pennsylvania Rule of Civil Procedure 1034, Pa.R.Civ.P. 1034. Under that standard, a party may move for judgment on the pleadings once "the relevant pleadings are closed, but within such time as not to unreasonably delay the trial." *Id*. "A motion for judgment on the pleadings is in the nature of a demurrer;" thus, "all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him." *Trib Total Media, Inc. v. Highlands School District*, 3 A.3d 695, 698 n.2 (Pa. Cmwlth. 2010). In reviewing a motion for judgment on the pleadings, we may only consider "the pleadings themselves and any documents properly attached thereto." *Id*.

Averments of fact not denied are deemed admitted. Pa.R.Civ.P. 1029(b). However, "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied." Pa.R.Civ.P. 1029(d). Stated otherwise, averments that raise "conclusions of law" will be deemed to be denied. *Foust v. Pennsylvania Department of Human Services*, 305 A.3d 1128, 1136 (Pa. Cmwlth. 2023).

Here, Respondents filed a timely answer and new matter in response to the allegations in the petition about the three misconducts. Brown did not answer Respondents' new matter. Brown asserts that the averments in the new matter stated conclusions of law to which no response was required, but this is incorrect. Whether a misconduct notice was issued to Brown and whether a hearing was conducted on the misconduct are questions of fact. Thus, Brown's failure to respond to these averments in Respondents' new matter constituted an admission of these averments.

In the context of prison disciplinary proceedings, three components must be present to satisfy due process:

> [A]dvance written notice of the claimed violation[;] a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken[;] . . . [and the ability] to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.

*Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269, 1275 (Pa. Cmwlth. 2021) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 563, 566 (1974)). However, a constitutional due process violation occurs only when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Feliciano*, 250 A.3d at 1275 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). We explained as follows:

> [T]he proper methodology for evaluating [procedural due process] deprivation claims under *Sandin* is to consider (i) the

7

conditions of confinement relative to administrative segregation, (ii) the duration of that confinement generally, and (iii) the duration relative to length of administrative segregation routinely imposed on prisoners serving similar sentences. We also emphasize that a liberty interest can potentially arise under less[ ]severe conditions when the deprivation is prolonged or indefinite.

*Feliciano*, 250 A.3d at 1279 (quoting *Aref v. Lynch*, 833 F.3d 242, 255 (D.C. Cir. 2016)).

Here, the record shows that the sanctions imposed upon Brown did not impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. For each misconduct, Brown received between 30 to 60 days of disciplinary custody.[3] There is no due process right to remain in the general population. *Murray v. Wetzel* (Pa. Cmwlth., No. 542 M.D. 2017, filed August 8, 2018) (unreported),[4] slip op. at 12. A punishment of 30, 45, and 60 days of disciplinary custody does not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."[5] *See Dunbar v. Wetzel* (Pa. Cmwlth., No. 75 M.D. 2019, filed January 21, 2020) (unreported), slip op. at 9 (30 days of discipline in the form of a cell restriction did not implicate a liberty interest that triggers due process); *Murray*, slip op. at 12 (rejecting inmate claim of a due process violation where he received 60 days of discipline).

---

[3] Disciplinary custody "entails, among other things, segregation from the general prison population in a restricted housing unit, as well as restrictions upon visitation and access to televisions, radios and telephones." *Commonwealth v. McGee*, 744 A.2d 754, 755 (Pa. 2000).

[4] An unreported memorandum opinion of this Court may be cited for its "persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[5] For misconduct #D468367, Brown received 30 days of disciplinary custody. For misconduct #D403446, Brown received 45 days of disciplinary custody. For misconduct #D468380, Brown received 60 days of disciplinary custody.

8

Respondents' new matter established that Brown received notice of each misconduct filed against him. Respondents' New Matter, ¶¶14, 18, 23. It also established that Brown was given an opportunity to be heard on each misconduct, although Brown waived the hearing for misconduct #D403446. Respondents' New Matter, ¶15, Exhibit A at 2. This procedure gave Brown all the process he was due under the Department's policy. *Tyler v. Department of Corrections* (Pa. Cmwlth., No. 302 M.D. 2021, filed June 8, 2023) (unreported). Brown also had the opportunity to appeal. Brown did not appeal the hearing examiner's decision for misconduct #D403446. He attempted to appeal the hearing examiner's decisions for misconducts #D468367 and #D468380 but failed to include all the necessary support documents with the appeal in one envelope and use the correct form. Respondents' New Matter, ¶¶21, 26. After providing him five opportunities to correct his appeal, Moslak dismissed his request for final review of the misconducts as untimely. Respondents' New Matter, Exhibit D at 7.

In any case, the petition's allegation that Respondents failed to follow prison regulations or internal policies does not state a claim. Administrative rules and regulations, unlike statutory provisions, "do not create rights in prison inmates." *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998). There is no record to support Brown's claim that the Department did not follow the Inmate Discipline Policy. Even if there were such evidence, it would not establish a violation of due process. *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017).

Because there are no genuine issues of material fact about whether the disciplinary proceedings afforded Brown notice and an opportunity to be heard, as required by the Department's internal policy, Respondents are entitled to judgment in their favor as a matter of law. Accordingly, we grant Respondents' application for summary relief and dismiss Brown's petition for review.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner #DL4686 a/k/a : 
Alton D. Brown, : 
                    Petitioner : 
                               : 
        v. :   No. 99 M.D. 2022
                               : 
George M. Little, Secretary of : 
the Pa. DOC and Z.J. Moslak, : 
                  Respondents : 

## **O R D E R**

AND NOW, this 19th day of March, 2025, the Application for Summary Relief filed by Respondents, George M. Little, Secretary of Corrections, and Z.J. Moslak, is GRANTED, and judgment is entered in favor of Respondents. The petition for review is DISMISSED.

                                       _____

                                     MARY HANNAH LEAVITT, President Judge Emerita